1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
9
10
11
12
13

| | |
|---|---|
| DAVID M. BAGLEY, | 2:13-CV-1119 JCM (CWH) |
|        Plaintiff(s), | |
| v. | |
| ROBERT M. BEVILLE, et al., | |
|        Defendant(s). | |

14
15

**ORDER**

16          Presently before the court is defendants Robert M. Beville et al.'s joint motion to withdraw

17    the reference of noncore adversary proceedings pursuant to 28 U.S.C. § 157(d), Fed. R. Bankr. P.

18    5011, and Local Rule 5011. (Doc. # 1). Plaintiff David M. Bagley responded. (Doc. # 7). Defendants

19    did not reply.

20          Defendants request this court to withdraw the reference of the adversary proceeding because

21    it is a noncore proceeding, involving exclusively state-law claims, and because the parties have

22    demanded a trial by jury. (Doc. # 1). Plaintiff responds that neither noncore claims nor a jury demand

23    compel the district court to withdraw the reference. (Doc. # 7).

24          Plaintiff's complaint contains only noncore claims, for: (1) breach of fiduciary duty and

25    violations of the standard of care against all defendants; (2) aiding and abetting breaches of fiduciary

26    duty against all defendants except one; and (3) waste and mismanagement against all defendants.

27    These claims do not depend on the bankruptcy code and a bankruptcy court cannot enter a final

28

**James C. Mahan**
**U.S. District Judge**

1    judgment on these claims. *See In re Windspire Energy Inc.*, 3:13-CV-10-RJC, 2013 U.S. Dist.

2    LEXIS 46727, at *2-*3 (D. Nev. April 1, 2013).

3        A district court has inherent authority to withdraw the reference of any case proceeding

4    referred under 28 U.S.C. § 157(a), on its own motion or timely motion of any party, for cause shown.

5    *See* 28 U.S.C. § 157(d). "[F]or cause shown," is determined by considering several non-exclusive

6    factors such as: "the efficient use of judicial resources (which is enhanced when noncore issues

7    predominate), delay and costs to the parties, uniformity of bankruptcy administration, the prevention

8    of forum shopping . . . ." *In re Zante, Inc.*, 3:10-CV-00231-RCJ, 2010 WL 5477768, at *4 (D. Nev.

9    Dec. 29, 2010) (quoting *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*,

10   124 F.3d 999, 1008 (9th Cir. 1997)).

11       After considering the factors outlined in *Sec. Farms*, the court finds sufficient cause to

12   warrant withdrawing the reference. First, judicial efficiency is promoted by withdrawing the

13   reference because the complaint is solely comprised of state law claims which are subject to de novo

14   review by this court. *See In re Cinematronics, Inc.*, 916 F.2d 1444, 1449 (9th Cir. 1990). Plaintiff

15   argues that because both parties have requested a jury trial, the bankruptcy court would not conduct

16   a bench trial, thus obviating the need for de novo review. However, the court notes that other pretrial

17   motions may invoke this court's de novo review and thus concern over judicial efficiency has not

18   been completely eviscerated by the parties' demand for a jury trial.

19       Second, inherent in any review is delay and cost created by the duplication of effort between

20   the bankruptcy court and the district court. *See In re Zante, Inc.*, 2010 WL 5477768, at *18-*19; *see*

21   *also Sec. Farms*, 124 F.3d at 1009. Third, while plaintiff represents that the facts and transactions

22   in the noncore claims are the subject of other adversary proceedings before the bankruptcy court,

23   resolution of these claims before district court will not have an effect on the uniformity of

24   bankruptcy administration.

25       Fourth, there is not a perceptible concern regarding forum shopping as the contents of

26   plaintiff's claims dictate the proper venue to resolve the adversary proceeding. While plaintiff argues

27   that the bankruptcy court has jurisdiction over this matter until it is ready for trial, *see* 28 U.S.C. §

28

James C. Mahan
U.S. District Judge

157, Fed. R. Bankr. P. 501, Local Rule 1001(b) and 9015(e), the court finds that the nature of plaintiff's claims and the parties' jury demand weighs in favor of withdrawing the reference. *See In re Cinematronics, Inc.*, 916 F.2d at 1451 (holding that it was an abuse of discretion not to withdraw the reference where the case is noncore and there has been a timely jury demand). Thus, having considered these factors and the procedural posture of this case, the court finds sufficient cause to warrant withdrawing the reference.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Robert M. Beville et al.'s joint motion to withdraw the reference of noncore adversary proceedings pursuant to 28 U.S.C. § 157(d) Fed. R. Bankr. 5011, and Local Rule 5011 (doc. # 1) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that all further adversarial proceedings, including discovery, be conducted by and before the district court.

DATED July 18, 2013.

_____
**UNITED STATES DISTRICT JUDGE**