# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DAVID M. BAGLEY,

        Plaintiff(s),

v.

ROBERT M. BEVILLE, et al.,

        Defendant(s).

2:13-CV-1119 JCM (CWH)

**ORDER**

Presently before the court is defendant Bryan L. Goolsby's motion to dismiss. (Doc. # 31). Plaintiff David M. Bagley ("plaintiff") filed a response in opposition. (Doc. # 42). Defendant Goolsby replied. (Doc. # 53).

**I.  Factual background**

The facts of this case revolve around Desert Capital REIT, Inc. ("DCR"), a Maryland corporation that was in the business of making sub-prime mortgage loans. DCR raised capital by selling securities to public investors. Defendant Goolsby served as a director of DCR between 2005 and 2007.

Plaintiff alleges that Goolsby, in his role as a director of DCR, breached his fiduciary duty to the corporation, aided and abetted the breaches of another, and committed acts of corporate waste by approving transactions that were beneficial to the directors of DCR but were detrimental to the corporation. In 2011, DCR's creditors initiated involuntary bankruptcy proceedings which led to the present case.

**James C. Mahan**
**U.S. District Judge**

1  While the details of the transactions entered into by DCR in the days following the bursting of the real estate bubble are complex, the facts that are essential to the instant motion are very straightforward. Defendant Goolsby resigned as a director of DCR no later than September 20, 2007. At all times relevant to this case, DCR's principal place of business was Nevada. The involuntary bankruptcy proceedings against DCR were initiated in Nevada on April 9, 2011.

Defendant Goolsby requests that the court dismiss the claims against him in this case because they are barred by Nevada's three year statute of limitations. Plaintiff argues that, because DCR was incorporated in Maryland, that Maryland's statute of limitations and tolling doctrines should be applied in this case. Additionally, defendant argues that even if plaintiff's claim for aiding and abetting breach of a fiduciary duty includes acts that took place within three years prior to the filing of the bankruptcy action, plaintiff does not make sufficient allegations to make this a plausible claim for relief.

**II.   Legal standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Second, the court must consider whether the factual allegations in the complaint allege a
2  plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint
3  alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the
4  alleged misconduct. *Id.* at 1949.

5  Where the complaint does not permit the court to infer more than the mere possibility of
6  misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.
7  (internal quotations omitted). When the allegations in a complaint have not crossed the line from
8  conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

9  The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,
10  1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,
11  allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,
12  but must contain sufficient allegations of underlying facts to give fair notice and to enable the
13  opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
14  plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
15  be subjected to the expense of discovery and continued litigation." *Id.*

16  **III.    Discussion**
17      **A.    Applicable state law**

18  Under the applicable choice of law doctrine, the court must apply the statute of limitations
19  of the forum state unless "(a) maintenance of the claim would serve no substantial interest of the
20  forum; *and* (b) the claim would be barred under the statute of limitations of a state having a more
21  significant relationship to the parties and the occurrence." Restatement (Second) Conflicts of Law
22  § 142; *see Liberty Tool v. Vortex Fishing Sys. (In Re Vortex Fishing Sys.)*, 277 F.3d 1057, 1069-1070
23  (9th Cir. 2002).

24  Both of these factors indicate that the Nevada statute of limitations is appropriate in this case.
25  The fact that DCR had Nevada as its principal place of business as well as the fact that the
26  bankruptcy proceedings took place in Nevada certainly give Nevada a substantial interest in this
27  claim. Moreover, while Maryland is DCR's state of incorporation, merely being a state of
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

incorporation is a less substantial relationship than serving as the principal place of business of a corporation and the forum for its bankruptcy proceedings. For this reason, the Nevada statute of limitations is applicable to this case.

### B.   Breach of fiduciary duty claim

Fiduciary duty claims in Nevada are governed by a three-year statute of limitations. *Shupe v. Ham,* 639 P.2d 540, 542 (Nev. 1982); *see* Nev. Rev. Stat. § 11.190(3)(d). Claims must therefore be brought within three years of the date the aggrieved party discovered the facts constituting fraud or mistake. *Id.*

In this case, however, Goolsby resigned as a director of DCR no later than September 20, 2007.[1] This means that the period to file a claim based on his actions as director ended on September 20, 2010. The involuntary bankruptcy proceedings at the root of this case did not begin until April 29, 2011. Therefore the claim is clearly barred under the three-year statute of limitations.

In an attempt to circumvent the statute of limitations, plaintiff makes a bare assertion that DCR did not discover the actions of the defendants in this case until the petition date. However, a conclusory allegation, unsupported by particularized facts, is not entitled to any weight upon consideration of a motion to dismiss. *Recinto v. U.S. Dep't of Veterans Affairs*, 706 F.3d 1171, 1177 (9th Cir. 2013) *cert. denied*, 134 S. Ct. 83 (2013).

Accordingly, the court will grant the motion to dismiss as it relates to the breach of fiduciary duty claim.

### C.   Corporate waste and mismanagement claim

Similarly, plaintiff's claim against Goolsby for waste and mismanagement, as it pertains to Goolsby's actions as a director of the corporation, is barred by the statute of limitations. However, the complaint alleges that transactions and payments constituting corporate waste also took place in 2008 and 2010. While these aspects of this claim are not barred by the three-year statute of limitations, these generalized assertions made against all of the defendants do not meet the standard

---

[1] Goolsby's role as a fiduciary of DCR ended upon his resignation from the board. *See In re Walt Disney Co. Derivative Litig.*, 907 A.2d 693, 758 (Del. Ch. 2005), *aff'd,* 906 A.2d 27 (Del. 2006).

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  of plausibility when applied to Goolsby, as these transactions occurred after Goolsby had resigned
2  from the board. Because Goolsby lacked a position in the corporation, he could not have committed
3  acts of corporate waste and mismanagement in 2008 and 2010, and therefore defendant Goolsby's
4  motion will be granted as to this claim.

5      **D.**    **Aiding and abetting a breach of fiduciary duty claim**

6  In its claim for aiding and abetting a breach of fiduciary duty, plaintiff puts forward a generic
7  allegation that "[d]efendants aided and abetted Parriott's breaches of duty and materially assisted his
8  breaches of duty in the transactions described above." (Doc. # 41 p. 25:19-20). Plaintiff does not
9  present any details regarding what specific acts performed by the defendants constituted aiding and
10 abetting or how any individual defendant contributed to the alleged breach of fiduciary duty by
11 defendant Parriott.

12 Plaintiff's aiding and abetting claim, then, rests entirely upon a conclusory statement that the
13 defendants other than Parriott aided him in breaching his fiduciary duty to the corporation. It is well
14 established that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires
15 more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will
16 not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks
17 omitted). As this claim merely concludes, without giving any facts or detail, that defendants aided
18 and abetted, it does not stand as a plausible claim for which relief can be granted. Thus, the court
19 will grant defendant's motion as it applies to plaintiff's aiding and abetting claim.

20 **IV.**    **Conclusion**

21 Accordingly,

22 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Bryan L.
23 Goolsby's motion to dismiss (doc. # 31) be, and the same hereby is, GRANTED.

24 IT IS FURTHER ORDERED that plaintiff's claims for breach of fiduciary duty (count one)
25 and waste and mismanagement (count three) are dismissed with prejudice as to defendant Goolsby.
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

IT IS FURTHER ORDERED that plaintiff's claim for aiding and abetting breaches of fiduciary duty (count two) is dismissed without prejudice as to defendant Goolsby.

DATED December 26, 2013.

_____
UNITED STATES DISTRICT JUDGE