# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID M. BAGLEY, in his capacity as Trustee of DCR Liquidating Trust, | Case No. 2:13-cv-01119-JCM-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| ROBERT M. BEVILLE, G. STEVEN DAWSON, JAMES L. GEORGE, BRYAN L. GOOLSBY, THOMAS L. GUSTAFSON, TODD B. PARRIOTT, and CHARLES W. WOLCOTT, | |
| Defendants. | |

Presently before the court is a motion to dismiss filed by defendants Robert Beville, James George, Thomas Gustafson, and Charles Wolcott ("the independent director defendants"). (Doc. # 33). Plaintiff David M. Bagley ("plaintiff") filed a response in opposition. (Doc. # 44). The independent director defendants replied. (Doc. # 55).

## I. Factual background

The facts of this case revolve around Desert Capital REIT, Inc. ("DCR"), a Maryland corporation that was in the business of making sub-prime mortgage loans. DCR raised capital by selling securities to public investors. The independent director defendants served on the board of DCR.

Plaintiff alleges that the independent director defendants, in their roles as a directors of DCR, breached their fiduciary duty to the corporation, aided and abetted the breaches of another, and committed acts of corporate waste by approving transactions that were beneficial to

the directors of DCR but were detrimental to the corporation. On April 29, 2011, DCR's creditors initiated involuntary bankruptcy proceedings which led to the present case.

While the details of the transactions entered into by DCR in the days following the bursting of the real estate bubble are complex, the facts that are essential to the instant motion are very straightforward. Defendant Beville served as a director of DCR between 2005 and 2010. Defendants George, Gustafson, and Wolcott began as DCR directors in 2004, 2003, and 2007 respectively, and each ended his service on the board in 2011. At all times relevant to this case, DCR's principal place of business was Nevada. The involuntary bankruptcy proceedings against DCR were initiated in Nevada on April 29, 2011.

The independent director defendants request that the court dismiss the claims against them arising from their actions prior to April 29, 2008, arguing that these claims are barred by Nevada's statute of limitations. Plaintiff argues that, because DCR was incorporated in Maryland, that Maryland's statute of limitations and tolling doctrines should be applied in this case.

Additionally, the defendants argue that even if plaintiff's claims for corporate waste and aiding and abetting breach of a fiduciary duty encompass acts that took place within three years prior to the filing of the bankruptcy action, plaintiff does not put forward sufficient allegations to make either a plausible claim for relief.

**II.     Legal standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

/ / /

**III.   Discussion**

    **A.   Applicable state law**

Under the applicable choice of law doctrine, the court must apply the statute of limitations of the forum state unless "(a) maintenance of the claim would serve no substantial interest of the forum; *and* (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence." Restatement (Second) Conflicts of Law § 142; *see Liberty Tool v. Vortex Fishing Sys. (In Re Vortex Fishing Sys.)*, 277 F.3d 1057, 1069-1070 (9th Cir. 2002).

Both of these factors indicate that the Nevada statute of limitations is appropriate in this case. The fact that DCR had Nevada as its principal place of business as well as the fact that the bankruptcy proceedings took place in Nevada certainly give Nevada a substantial interest in this claim. Moreover, while Maryland is DCR's state of incorporation, merely being a state of incorporation is a less substantial relationship than serving as the principal place of business of a corporation and the forum for its bankruptcy proceedings. For this reason, the Nevada statute of limitations is applicable to this case.

    **B.   Breach of fiduciary duty claim**

Fiduciary duty claims in Nevada are governed by a three-year statute of limitations. *Shupe v. Ham,* 639 P.2d 540, 542 (Nev. 1982); *see* Nev. Rev. Stat. § 11.190(3)(d). Claims must therefore be brought within three years of the date the aggrieved party discovered the facts constituting fraud or mistake. *Id.*

In this case, however, the majority of plaintiff's breach of fiduciary duty claim against the independent director defendants involves conduct that occurred prior to April 29, 2008. In fact, only a small part of the claim, involving payments from DCR to Sandstone Equity Investors, LLC, involves any conduct that took place after the April 29, 2008. Because the involuntary bankruptcy proceedings at the root of this case were initiated on April 29, 2011, the aspects of plaintiff's breach of fiduciary duty claim involving acts that took place prior to

August 29, 2008 will be dismissed with prejudice for failing to satisfy Nevada's statute of limitations.

In an attempt to circumvent the statute of limitations, plaintiff makes a bare assertion that DCR did not discover the actions of the defendants in this case until the petition date. However, a conclusory allegation, unsupported by particularized facts, is not entitled to any weight upon consideration of a motion to dismiss. *Recinto v. U.S. Dep't of Veterans Affairs*, 706 F.3d 1171, 1177 (9th Cir. 2013) *cert. denied*, 134 S. Ct. 83 (2013).

Accordingly, the portions of plaintiff's breach of fiduciary duty claim relating to the actions of the independent director defendants and DCR prior to April 29, 2008 will be dismissed.

**C.    Corporate waste and mismanagement claim**

The independent director defendants put forth a generic argument that plaintiff fails to state his claim for corporate waste and mismanagement with sufficient particularity. Apparently, the defendants overlooked the three and a half pages in the complaint in which plaintiff alleges that all of the defendants committed corporate waste by causing DCR to: (1) pay legal fees in excess of its actual obligations for representation in a lawsuit that began in 2008; (2) pay legal fees to defend CM Capital Services, LLC in a 2010 SEC investigation, (3) enter into a new "services agreement" with CM Capital Services, LLC which, without securing any additional benefit to DCR, increased the fees that DCR was obligated to pay to CM Capital. (Doc. # 30 p. 18:16-22:4).

Considering the thoroughness of this part of the complaint, plaintiff certainly has pled with sufficient particularity to put the defendants on notice of the details regarding the claim against them. For this reason, the court will deny the motion to dismiss as it relates to plaintiff's corporate waste and mismanagement claim.

Additionally, defendant Beville argues that portions of the corporate waste and mismanagement claim that relate to DCR's actions after May 7, 2010, should be dismissed as to

5

him individually. Because defendant Beville resigned from the board on May 7, 2010, he cannot be held liable for acts of corporate waste that took place after that date.[1] Accordingly, the portions of the corporate waste and mismanagement claim involving DCR's actions after that date will be dismissed with prejudice only as to defendant Beville.

### D.   Aiding and abetting a breach of fiduciary duty claim

The independent director defendants also argue that plaintiff fails to state his claim for aiding and abetting with sufficient particularity. In this claim, plaintiff only puts forward a generic allegation that "[d]efendants aided and abetted Parriott's breaches of duty and materially assisted his breaches of duty in the transactions described above." (Doc. # 41 p. 25:19-20). Plaintiff does not present any details regarding what specific acts performed by the defendants constituted aiding and abetting or how any individual defendant contributed to the alleged breach of fiduciary duty by defendant Parriott.

Plaintiff's aiding and abetting claim, then, rests entirely upon a conclusory statement that the defendants other than Parriott aided him in breaching his fiduciary duty to the corporation. It is well established that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). As this claim merely concludes, without giving any facts or detail, that defendants aided and abetted, it does not stand as a plausible claim for which relief can be granted. Thus, the court will grant defendant the independent director defendants' motion as it applies to plaintiff's aiding and abetting claim.

///

///

///

---

[1] Defendant Beville's duties to DCR ended upon his resignation from the board. *See In re Walt Disney Co. Derivative Litig.*, 907 A.2d 693, 758 (Del. Ch. 2005), *aff'd,* 906 A.2d 27 (Del. 2006).

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the motion to dismiss filed by defendants Robert Beville, James George, Thomas Gustafson, and Charles Wolcott, (doc. # 33), be, and the same hereby is, GRANTED in part.

IT IS FURTHER ORDERED that plaintiff's claim for breach of fiduciary duty (count one) is dismissed with prejudice as to defendants Robert Beville, James George, Thomas Gustafson, and Charles Wolcott as it relates to acts which took place before April 29, 2008.

IT IS FURTHER ORDERED that plaintiff's claim for corporate waste and mismanagement (count three) is dismissed with prejudice as to defendant Robert Beville as it relates to acts which took place after May 7, 2010.

IT IS FURTHER ORDERED that plaintiff's claim for aiding and abetting breaches of fiduciary duty (count two) is dismissed without prejudice as to defendants Robert Beville, James George, Thomas Gustafson, and Charles Wolcott.

DATED this 2nd day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE