1
2
3
4              **UNITED STATES DISTRICT COURT**
5                   **DISTRICT OF NEVADA**
6                            * * *

7   DAVID M. BAGLEY, in his capacity as      )    Case No. 2:13-cv-01119-JCM-CWH
8   Trustee of DCR Liquidating Trust,        )
                                             )
9                          Plaintiff,        )            **ORDER**
                                             )
10  v.                                       )
                                             )
11  ROBERT M. BEVILLE, G. STEVEN             )
    DAWSON, JAMES L. GEORGE, BRYAN           )
12  L. GOOLSBY, THOMAS L. GUSTAFSON,         )
    TODD B. PARRIOTT, and CHARLES W.         )
13  WOLCOTT,                                 )
                                             )
14                         Defendants.       )

15          Presently before the court is defendant Todd B. Parriott's motion to dismiss. (Doc. # 34).

16  Plaintiff David M. Bagley ("plaintiff") filed a response in opposition. (Doc. # 45). Defendant

17  Parriott replied. (Doc. # 57).

18  **I.     Factual background**

19          The facts of this case revolve around Desert Capital REIT, Inc. ("DCR"), a Maryland

20  corporation that was in the business of making sub-prime mortgage loans. DCR raised capital by

21  selling securities to public investors. The independent director defendants served on the board of

22  DCR.

23          Plaintiff alleges that defendant Parriott, in his role as president, CEO, and chairman of

24  the board of DCR, breached his fiduciary duty to the corporation and committed acts of

25  corporate waste by approving transactions that were beneficial to the directors of DCR but were

26  detrimental to the corporation. On April 29, 2011, DCR's creditors initiated involuntary

27  bankruptcy proceedings which led to the present case.

28

While the details of the transactions entered into by DCR in the days following the bursting of the real estate bubble are complex, the facts that are essential to the instant motion are very straightforward. At all times relevant to this case, DCR's principal place of business was Nevada. The involuntary bankruptcy proceedings against DCR were initiated in Nevada on April 29, 2011.

Defendant Parriott requests that the court dismiss the claims against him arising from his actions prior to April 29, 2008, arguing that these claims are barred by Nevada's statute of limitations. Plaintiff argues that, because DCR was incorporated in Maryland, that Maryland's statute of limitations and tolling doctrines should be applied in this case.

Additionally, defendant Parriott argues that even if plaintiff's claim of corporate waste and mismanagement encompasses acts that took place within three years prior to the filing of the bankruptcy action, plaintiff does not put forward sufficient allegations to make this a plausible claim for relief.

## II.    Legal standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While rule eight does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual

2

allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

**III.   Discussion**

    **A.      Applicable state law**

Under the applicable choice of law doctrine, the court must apply the statute of limitations of the forum state unless "(a) maintenance of the claim would serve no substantial interest of the forum; *and* (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence." Restatement (Second) Conflicts of Law § 142; *see Liberty Tool v. Vortex Fishing Sys. (In Re Vortex Fishing Sys.)*, 277 F.3d 1057, 1069-1070 (9th Cir. 2002).

1   Both of these factors indicate that the Nevada statute of limitations is appropriate in this

2   case. The fact that DCR had Nevada as its principal place of business as well as the fact that the

3   bankruptcy proceedings took place in Nevada certainly give Nevada a substantial interest in this

4   claim. Moreover, while Maryland is DCR's state of incorporation, merely being a state of

5   incorporation is a less substantial relationship than serving as the principal place of business of a

6   corporation and the forum for its bankruptcy proceedings. For this reason, the Nevada statute of

7   limitations is applicable to this case.

8   **B.     Breach of fiduciary duty claim**

9   Fiduciary duty claims in Nevada are governed by a three-year statute of limitations.

10  *Shupe v. Ham,* 639 P.2d 540, 542 (Nev. 1982); *see* Nev. Rev. Stat. § 11.190(3)(d). Claims must

11  therefore be brought within three years of the date the aggrieved party discovered the facts

12  constituting fraud or mistake. *Id.*

13  In this case, however, the majority of plaintiff's breach of fiduciary duty claim against

14  defendant Parriott involves conduct that occurred prior to April 29, 2008. In fact, only a small

15  part of the claim, involving payments from DCR to Sandstone Equity Investors, LLC, involves

16  any conduct that took place after the April 29, 2008. Because the involuntary bankruptcy

17  proceedings at the root of this case were initiated on April 29, 2011, the aspects of plaintiff's

18  breach of fiduciary duty claim involving acts that took place prior to August 29, 2008 will be

19  dismissed with prejudice for failing to satisfy Nevada's statute of limitations.

20  In an attempt to circumvent the statute of limitations, plaintiff makes a bare assertion

21  that DCR did not discover the actions of the defendants in this case until the petition date.

22  However, a conclusory allegation, unsupported by particularized facts, is not entitled to any

23  weight upon consideration of a motion to dismiss. *Recinto v. U.S. Dep't of Veterans Affairs*, 706

24  F.3d 1171, 1177 (9th Cir. 2013) *cert. denied*, 134 S. Ct. 83 (2013).

25  Accordingly, the portions of plaintiff's breach of fiduciary duty claim relating to the

26  actions of defendant Parriott and DCR prior to April 29, 2008 will be dismissed.

27  / / /

28  4

### C.     Corporate waste and mismanagement claim

Defendant Parriott puts forth a generic argument that plaintiff fails to state his claim for corporate waste and mismanagement with sufficient particularity. Apparently, defendant Parriott did not notice the three and a half pages in the complaint in which plaintiff alleges that all of the defendants committed corporate waste by causing DCR to: (1) pay legal fees in excess of its actual obligations for representation in a lawsuit that began in 2008; (2) pay legal fees to defend CM Capital Services, LLC in a 2010 SEC investigation, and (3) enter into a new "services agreement" with CM Capital Services, LLC which, without securing any additional benefit to DCR, increased the fees that DCR was obligated to pay to CM Capital. (Doc. # 30 p. 18:16-22:4).

Considering the thoroughness of this part of the complaint, plaintiff certainly has pled with sufficient particularity to put defendant Parriott on notice of the details regarding the claim against him. For this reason, the court will deny the motion to dismiss as it relates to plaintiff's corporate waste and mismanagement claim.

Defendant Parriott also argues that portions of plaintiff's corporate waste and mismanagement claim are barred by the Nevada statute of limitations. The first subsection of plaintiff's corporate waste claim involves payments to a law firm based on a lawsuit that was initiated in 2008. While the complaint states several times that the lawsuit began in 2008, it does not specify when the allegedly wasteful payments were made. Because it is unclear whether this claim is barred by the statute of limitations, the court will dismiss the portions of the plaintiff's waste claim relating to the "Farrar litigation" without prejudice.

### IV.     Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the motion to dismiss filed by defendant Todd B. Parriott (doc. # 34), be, and the same hereby is, GRANTED in part.

IT IS FURTHER ORDERED that aspects of plaintiff's claim for breach of fiduciary duty (count one) involving acts which took place prior to April 29, 2008 are dismissed with prejudice as to defendant Todd B. Parriott.

IT IS FURTHER ORDERED that the portions of plaintiff's claim for corporate waste and mismanagement (count three) relating to "the Farrar litigation" are dismissed without prejudice.

DATED this 2nd day of January, 2014.


_____
UNITED STATES DISTRICT JUDGE