# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID M. BAGLEY, in his capacity as Trustee of DCR Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT M. BEVILLE, G. STEVEN DAWSON, JAMES L. GEORGE, BRYAN L. GOOLSBY, THOMAS L. GUSTAFSON, TODD B. PARRIOTT, and CHARLES W. WOLCOTT,<br><br>Defendants. | Case No. 2:13-cv-01119-JCM-CWH<br><br>**ORDER** |

Presently before the court is defendant G. Steven Dawson's motion to dismiss. (Doc. #32). Plaintiff David M. Bagley ("plaintiff") filed a response in opposition. (Doc. # 43). Defendant Dawson replied. (Doc. # 56).

**I.   Factual background**

The facts of this case revolve around Desert Capital REIT, Inc. ("DCR"), a Maryland corporation that was in the business of making sub-prime mortgage loans. DCR raised capital by selling securities to public investors. Defendant Dawson served as a director of DCR between 2005 and May 7, 2010.

Plaintiff alleges that Dawson, in his role as a director of DCR, breached his fiduciary duty to the corporation, aided and abetted the breaches of another, and committed acts of corporate waste by approving transactions that were beneficial to the directors of DCR but were detrimental to the corporation. On April 29, 2011, DCR's creditors initiated involuntary bankruptcy proceedings which led to the present case.

While the details of the transactions entered into by DCR in the days following the bursting of the real estate bubble are complex, the facts that are essential to the instant motion are very straightforward. Defendant Dawson resigned as a director of DCR on May 7, 2010. At all times relevant to this case, DCR's principal place of business was Nevada. The involuntary bankruptcy proceedings against DCR were initiated in Nevada on April 29, 2011.

Defendant Dawson requests that the court dismiss the claims against him arising from his actions prior to April 29, 2008, arguing that these claims are barred by Nevada's statute of limitations. Plaintiff argues that, because DCR was incorporated in Maryland, that Maryland's statute of limitations and tolling doctrines should be applied in this case.

Defendant Dawson also requests that the court dismiss claims arising from actions of DCR's board after May 7, 2010, as he cannot be liable for actions of the board following his resignation. Additionally, Defendant Dawson argues that even if plaintiff's claim for aiding and abetting breach of a fiduciary duty includes acts that took place within three years prior to the filing of the bankruptcy action, plaintiff does not make sufficient allegations to make this a plausible claim for relief.

**II.     Legal standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

**III.   Discussion**

    **A.     Applicable state law**

Under the applicable choice of law doctrine, the court must apply the statute of limitations of the forum state unless "(a) maintenance of the claim would serve no substantial interest of the forum; *and* (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence." Restatement (Second)

Conflicts of Law § 142; *see Liberty Tool v. Vortex Fishing Sys. (In Re Vortex Fishing Sys.)*, 277 F.3d 1057, 1069-1070 (9th Cir. 2002).

Both of these factors indicate that the Nevada statute of limitations is appropriate in this case. The fact that DCR had Nevada as its principal place of business as well as the fact that the bankruptcy proceedings took place in Nevada certainly give Nevada a substantial interest in this claim. Moreover, while Maryland is DCR's state of incorporation, merely being a state of incorporation is a less substantial relationship than serving as the principal place of business of a corporation and the forum for its bankruptcy proceedings. For this reason, the Nevada statute of limitations is applicable to this case.

### B.  Breach of fiduciary duty claim

Fiduciary duty claims in Nevada are governed by a three-year statute of limitations. *Shupe v. Ham,* 639 P.2d 540, 542 (Nev. 1982); *see* Nev. Rev. Stat. § 11.190(3)(d). Claims must therefore be brought within three years of the date the aggrieved party discovered the facts constituting fraud or mistake. *Id.*

In this case, however, the majority of plaintiff's breach of fiduciary duty claim against defendant Dawson involves conduct that occurred prior to April 29, 2008. In fact, only a small part of the claim, involving payments from DCR to Sandstone Equity Investors, LLC, involves any conduct that took place after the April 29, 2008. Because the involuntary bankruptcy proceedings at the root of this case were initiated on April 29, 2011, the aspects of plaintiff's breach of fiduciary duty claim involving acts that took place prior to August 29, 2008 will be dismissed with prejudice for failing to satisfy Nevada's statute of limitations. Concordantly, as Dawson resigned as a director of DCR on May 7, 2010, aspects of plaintiff's breach of fiduciary duty claim involving DCR's actions after that date will also be dismissed.[1]

---

[1] Dawson's role as a fiduciary of DCR ended upon his resignation from the board. *See In re Walt Disney Co. Derivative Litig.*, 907 A.2d 693, 758 (Del. Ch. 2005), *aff'd,* 906 A.2d 27 (Del. 2006).

In an attempt to circumvent the statute of limitations, plaintiff makes a bare assertion that DCR did not discover the actions of the defendants in this case until the petition date. However, a conclusory allegation, unsupported by particularized facts, is not entitled to any weight upon consideration of a motion to dismiss. *Recinto v. U.S. Dep't of Veterans Affairs*, 706 F.3d 1171, 1177 (9th Cir. 2013) *cert. denied*, 134 S. Ct. 83 (2013).

Accordingly, the portions of plaintiff's breach of fiduciary duty claim relating to Dawson's and DCR's actions prior to April 29, 2008 or after May 7, 2010, will be dismissed.

### C. Corporate waste and mismanagement claim

Similarly, plaintiff's claim against Dawson for waste and mismanagement partially involves conduct which took place after Dawson's resignation from the board. Because defendant Dawson could not have committed acts of corporate waste and mismanagement following his resignation from the board, the court will dismiss this claim against defendant Dawson as it relates to acts that took place after May 7, 2010.

### D. Aiding and abetting a breach of fiduciary duty claim

In its claim for aiding and abetting a breach of fiduciary duty, plaintiff puts forward a generic allegation that "[d]efendants aided and abetted Parriott's breaches of duty and materially assisted his breaches of duty in the transactions described above." (Doc. # 41 p. 25:19-20). Plaintiff does not present any details regarding what specific acts performed by the defendants constituted aiding and abetting or how any individual defendant contributed to the alleged breach of fiduciary duty by defendant Parriott.

Plaintiff's aiding and abetting claim, then, rests entirely upon a conclusory statement that the defendants other than Parriott aided him in breaching his fiduciary duty to the corporation. It is well established that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). As this claim merely concludes, without giving any facts or detail, that defendants aided and abetted, it does not stand as a plausible claim for which relief can be

5

granted. Thus, the court will grant defendant Dawson's motion as it applies to plaintiff's aiding and abetting claim.

## IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant G. Steven Dawson's motion to dismiss (doc. # 32) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that aspects of plaintiff's claims for breach of fiduciary duty (count one) and waste and mismanagement (count three) involving acts which took place prior to April 29, 2008 or after May 7, 2010, are dismissed with prejudice as to defendant Dawson.

IT IS FURTHER ORDERED that plaintiff's claim for aiding and abetting breaches of fiduciary duty (count two) is dismissed without prejudice as to defendant Dawson.

DATED this 2nd day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE