# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID M. BAGLEY,<br><br>             Plaintiff(s),<br><br>v.<br><br>ROBERT M. BEVILLE, et al.,<br><br>             Defendant(s). | 2:13-CV-1119 JCM (CWH) |

**ORDER**

Presently before the court is plaintiff David M. Bagley's motion to certify issues of law to the Nevada Supreme Court. (Doc. # 70). Defendants filed a response in opposition (doc. # 87), and plaintiff filed a reply (doc. # 90).

Also before the court is plaintiff's motion to certify prior orders for interlocutory appeal. (Doc. # 69). Defendants filed a response in opposition (doc. # 86), and plaintiff filed a reply (doc. # 89).

By four separate orders entered on December 26, 2013, and January 2, 2014, the court dismissed claims against defendants in this case due to the expiration of the relevant statute of limitations. (Docs. ## 62-65). In its order dismissing these claims, the court did not directly rule upon plaintiff's argument that the limitations period in this matter should be tolled based on the "adverse domination doctrine," which has never been addressed by Nevada courts.

Instead of filing a motion for reconsideration with this court, plaintiff requests that the court certify the question to the Nevada Supreme Court as to whether Nevada recognizes the adverse

**James C. Mahan**
**U.S. District Judge**

1  domination doctrine (doc. # 70), and separately requests that the court certify its dismissal orders for
2  interlocutory appeal to allow the Ninth Circuit to rule upon the same question (doc. # 69).

3        The adverse domination doctrine provides that the statute of limitations on a corporation's
4  claims against its officers and directors does not begin to run while those officers and directors
5  remain in control of the company. *See Hecht v. Resolution Trust Corp.*, 635 A.2d 394, 402 (Md.
6  1994). This doctrine exists to prevent claims from expiring against corporate directors who cannot
7  be expected to sue themselves or "to initiate action contrary to their own interests." *Id.* Though
8  numerous states have adopted this doctrine, the Nevada Supreme Court has neither accepted nor
9  rejected it. *See USACM Liquidating Trust v. Deloitte & Touche*, 2014 WL 612503, at *2 (9th Cir.
10  2014).

11        Pursuant to Nevada Rule of Appellate Procedure 5, the Nevada Supreme Court may answer
12  questions of law certified by a United States district court upon the certifying court's request for any

13-15  
> questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of this state.

16        However, at this stage in the litigation, the question as to the application of the adverse
17  domination doctrine is not determinative of the case pending before the court, as the claims in
18  question were previously dismissed with prejudice. (Docs. ## 62-65). Thus, because these claims
19  are not pending before the court, and plaintiff has not filed a motion for reconsideration, certification
20  of this question is not warranted.

21        Similarly, 28 U.S.C. § 1292(b) provides:

22-27  
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, that application for an
> . . .
28  
> . . .

**James C. Mahan**
**U.S. District Judge**

appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Plaintiff has failed to show that certification of the court's prior orders for interlocutory appeal will materially advance the ultimate termination of the litigation. Therefore, plaintiff's motion to certify orders for interlocutory appeal will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to certify issues of law to the Nevada Supreme Court (doc. # 70) be, and at the same time hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to certify orders for interlocutory appeal (doc. # 69) is DENIED.

DATED April 8, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -