# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID M. BAGLEY,

        Plaintiff(s),

v.

ROBERT M. BEVILLE, et al.,

        Defendant(s).

2:13-CV-1119 JCM (CWH)

# ORDER

Presently before the court is plaintiff David M. Bagley's motion to amend his complaint. (Doc. # 68). Defendants Robert Beville, James George, Thomas Gustafson, and Charles Wolcott filed a response in opposition (doc. # 83), as did defendant G. Steven Dawson (doc. # 84) and defendant Todd B. Parriott (doc. # 88). Plaintiff filed a reply (doc. # 92).

**I.  Discussion**

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. The local rules of federal practice in the District of Nevada require that a party

**James C. Mahan**
**U.S. District Judge**

1 submit a proposed, amended pleading along with a motion to amend. LR 15-1(a).

2 Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good
3 cause and by leave of the district judge." Fed. R. Civ. P. 16(b). *See Johnson v. Mammoth*
4 *Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). If the moving party demonstrates good cause
5 under Rule 16(b), then it must then establish that the proposed amendment is permissible under the
6 factors germane to Rule 15. *Id.* "[T]he existence or degree of prejudice to the party opposing the
7 modification" may supply "additional reasons to deny" a request for leave to amend, but "the focus
8 of the inquiry is upon the moving party's reason for seeking modification. If that party was not
9 diligent, the inquiry should end." *Id.*

10 Plaintiff seeks leave of the court to file an amended complaint to correct deficiencies that
11 were brought to light in the orders dismissing his original complaint. (Docs. ## 62-65). Plaintiff has
12 attached his proposed, amended complaint to this motion in compliance with LR 15-1(a).

13 Defendants first argue that plaintiff should not be allowed to include a claim for aiding and
14 abetting a breach of fiduciary duty as such a claim is futile under Nevada law. However, plaintiff
15 responds by stating that Maryland law controls this claim, and alternatively that the claim is valid
16 under Nevada law as put forward in the proposed amended complaint. Plaintiff cites to valid
17 authorities in support of both of these contentions, and therefore the court finds that this claim is not
18 futile. However, defendants remain free to move for dismissal of this claim at a later time so their
19 arguments can be fully briefed before the court.

20 Next, defendants argue that plaintiff should not be allowed to present more detailed
21 allegations in his amended complaint without justifying why he failed to include them in the original
22 version. However, such an explanation is unnecessary, as it is clear that plaintiff makes more
23 particularized factual allegations in the proposed, amended complaint in response to the deficiencies
24 the court pointed out in its orders dismissing the original complaint. Defendants do not demonstrate
25 that they will suffer any prejudice as a result of the additional factual allegations in the proposed,
26 amended complaint.

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1	Finally, defendants argue that the court should preclude plaintiff from including in his
2	amended complaint any claims that were previously dismissed with prejudice. The court previously
3	dismissed plaintiff's claims relating to acts which occurred prior to April 29, 2008, with prejudice
4	after finding that they were barred by the relevant statute of limitations. In the instant motion,
5	plaintiff states that he includes these claims in his amended complaint in order to preserve them for
6	appeal. However, it is well established that a party is not required to reallege claims dismissed with
7	prejudice in order to preserve them for appeal. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th
8	Cir. 2012). Thus, for the purposes of judicial economy, the court finds it appropriate to preclude
9	plaintiff from including these claims in his amended complaint unless the court is persuaded to
10	reconsider its prior ruling.

11	Therefore, in consideration of the liberal Rule 15(a) standard, the court finds that plaintiff's
12	motion to amend his complaint has not been made in bad faith, will not cause undue delay or
13	prejudice to defendants, and presents cognizable legal arguments. Additionally, the court finds there
14	is good cause to allow plaintiff to amend his complaint.

**II.	Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to amend (doc. # 68) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff file an amended complaint in accordance with the foregoing within twenty-one (21) days of the entry of this order.

DATED April 11, 2014.

_James C. Mahan_
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 3 -